# EXHIBIT "C"

L-2011-
052

**IN THE CIRCUIT COURT OF THE**
**11TH JUDICIAL CIRCUIT IN AND FOR**
**MIAMI-DADE COUNTY, FLORIDA**

**GENERAL JURISDICTION DIVISION**

**CASE NO.:**

**CONSUELO ALFONSO, personal**
**representative of the ESTATE OF ANTHONY**
**ARIAS, and individually, as the natural parent**
**and survivor of ANTHONY ARIAS,**

11-26334CA 22

**Plaintiffs,**

vs.

**CITY OF HIALEAH, a governmental entity,**
**ALEXIS BARRIOS, individually,**
**JOHN DOE, UNKNOWN OTHERS,**
**INCLUDING SUPERVISORS,**

**CIVIL ACTION SUMMONS**

8/25/2011  12:02pm
Mantza Anapur
Recepnuist to Mayor
Sps/ev #1/11

**Defendants.** /

**To Defendant:**      **City of Hialeah**
                         **By serving the Mayor or any other party pursuant to §48.111, Fla. Stat.**
                         **501 Palm Avenue**
                         **Hialeah, Florida 33010**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, located at: Dade County Courthouse, Clerk of the Court, 73 West Flagler Street, Suite 133, Miami, Florida 33130. Additional Court locations are printed on the back of this form.

You must also mail or take a copy of your written responses to Edward M. Martinez, Esq., at Martinez Law Group, P.A., 301 Almeria Ave., Suite 206, Coral Gables, Florida 33134.

TO EACH SHERIFF OF THE STATE OF FLORIDA: You are commanded to serve this Summons and a copy of the Complaint of this lawsuit on the above named defendant.

DATED ON AUG 19 2011 day of August, 2011

HARVEY RUVIN, as Clerk of said Court

*Borges Nhurka* 100--

BY: _____
               As Deputy Clerk
               (Court Seal)

**RECEIVED**

AUG 2  2011

**MAYOR'S OFFICE**

Usted ha sido demandado legalmente. Tiene 20 dias contados a partir del recibo de esta notificación para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada teléfonica no lo protegerá. Si uste desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número de caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar aun abogado imediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen el la guia telefónica.

Si deseas responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia se dud repuesta a la persona demoninada abajo como "Plaintiff/Plaintiff Attorney" (Demandante o Abogado de Demandante).

Des poursuites judiciares ont été entreprises contre vous. Vous avez 20 jours consécutifs à partir de la date de l'assignation de cette citation pour déposer une response éscrite à la plainte ci-jointe aupreś de ce tribunal. un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obligé se déposer votre réponse écrite, avec mentioń du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne désposez pas votre résponse écrite dans le délai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent., et vos biens peuvent etre saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner à un sevice de reference d'avocats ou a un bureau d'assistance juridique (figurant à l'annuaire de téléphones)

Si vous choisissez de déposer vous-même une reponse ecrite, il vous frauda également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre response ecrite au "Plaintiff/Plaintiff Attorney" (Plaignant ou a son avocat) nommé ci-dessous.

## ADDITIONAL COURT FACILITY LOCATIONS

Joseph Caleb Center (20)
5400 NW 22nd Avenue
Suite 205
Miami, Florida 33142

Hialeah District Court (21)
11 East 6th Street
1st Floor
Hialeah, Florida 33010

North Dade Justice Center (23)
15555 Biscayne Boulevard
Suite 100
North Miami Beach, Florida 33160

Miami Beach District Court (24)
1130 Washington Avenue
Miami Beach, Florida 33139

Coral Gables District Court (25)
3100 Ponce de Leon Boulevard
Suite 100
Coral Gables, Florida 33134

South Dade Justice Center (26)
10710 SW 211th Street
Suite 1200
Miami, Florida 33189

**IN THE CIRCUIT COURT OF THE**
**11TH JUDICIAL CIRCUIT IN AND FOR**
**MIAMI-DADE COUNTY, FLORIDA**

**GENERAL JURISDICTION DIVISION**

**CASE NO.:**

**CONSUELO ALFONSO, personal**
**representative of the ESTATE OF ANTHONY**
**ARIAS, and individually, as the natural parent**
**and survivor of ANTHONY ARIAS,**

11-2633404 22

         **Plaintiffs,**

vs.                                                    **CIVIL ACTION SUMMONS**

**CITY OF HIALEAH, a governmental entity,**
**ALEXIS BARRIOS, individually,**
**JOHN DOE, UNKNOWN OTHERS,**
**INCLUDING SUPERVISORS,**

                    **Defendants.         /**

**To Defendant:    Alexis Barrios**
                **City of Hialeah Police Department**
                **5555 East 8th Avenue**
                **Hialeah, Florida 33013**

*[handwritten: 8-25-2091-11:26am / Alexis Barros / Spose / 5pts Jev+1111 / 7400 W. 10th Ave. Hialeah, FL. 33014]*

        A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

        If you choose to file a written response yourself, at the same time you file your written response to the Court, located at: Dade County Courthouse, Clerk of the Court, 73 West Flagler Street, Suite 133, Miami, Florida 33130. Additional Court locations are printed on the back of this form.

        You must also mail or take a copy of your written responses to Edward M. Martinez, Esq., at Martinez Law Group, P.A., 301 Almeria Ave., Suite 206, Coral Gables, Florida 33134.

        TO EACH SHERIFF OF THE STATE OF FLORIDA: You are commanded to serve this Summons and a copy of the Complaint of this lawsuit on the above named defendant.

                DATED ON _____ 19 day of August, 2011

                        HARVEY RUVIN, as Clerk of said Court

                BY:  _____*Borges Nnurka 18630*_____
                        As Deputy Clerk
                        (Court Seal)

Usted ha sido demandado legalmente. Tiene 20 dias contados a partir del recibo de esta notificación para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada teléfonica no lo protegerá. Si uste desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número de caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar aun abogado imediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen el la guia telefónica.

Si deseas responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia se dud repuesta a la persona demoninada abajo como "Plaintiff/Plaintiff Attorney" (Demandante o Abogado de Demandante).

Des poursuites judiciares ont été entreprises contre vous. Vous avez 20 jours consécutifs à partir de la date de l'assignation de cette citation pour déposer une response éscrite à la plainte ci-jointe aupreś de ce tribunal. un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obligé se déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne désposez pas votre réponse écrite dans le délai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent., et vos biens peuvent etre saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir las services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner à un sevice de reference d'avocats ou a un bureau d'assistance juridique (figurant à l'annuaire de téléphones)

Si vous choisissez de déposer vous-même une reponse ecrite, il vous frauda également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre response ecrite au "Plaintiff/Plaintiff Attorney" (Plaignant ou a son avocat) nommé ci-dessous.

## ADDITIONAL COURT FACILITY LOCATIONS

Joseph Caleb Center (20)
5400 NW 22nd Avenue
Suite 205
Miami, Florida 33142

Hialeah District Court (21)
11 East 6th Street
1ˢᵗ Floor
Hialeah, Florida 33010

North Dade Justice Center (23)
15555 Biscayne Boulevard
Suite 100
North Miami Beach, Florida 33160

Miami Beach District Court (24)
1130 Washington Avenue
Miami Beach, Florida 33139

Coral Gables District Court (25)
3100 Ponce de Leon Boulevard
Suite 100
Coral Gables, Florida 33134

South Dade Justice Center (26)
10710 SW 211th Street
Suite 1200
Miami, Florida 33189

CONSUELO ALFONSO, Trustee of Estate and mother of ANTHONY ARIAS

*vs.*
*City of Hialeah , et al.*
*Complaint*
**IN THE CIRCUIT COURT OF THE**
**11TH JUDICIAL CIRCUIT IN AND FOR**
**MIAMI-DADE CITY, FLORIDA**

**GENERAL JURISDICTION DIVISION**

**CASE NO.:**

**1 1 - 2 6 3 3 4 CA 2 2**

**CONSUELO ALFONSO,**
**Personal Representative of Estate of**
**ANTHONY ARIAS, and Individually**
**as the Natural Parent and Survivor of**
**ANTHONY ARIAS,**

**Plaintiffs,**

vs.

**CITY of HIALEAH, FLORIDA**
**a governmental entity, and**
**ALEXIS BARRIOS, individually,**
**JOHN DOE, unknown others, including Supervisors**

_____**Defendants.   /**

## COMPLAINT

Plaintiffs, CONSUELO ALFONSO ("ALFONSO") and ESTATE of ANTHONY ARIAS

("ESTATE"), sue the Defendants, CITY of HIALEAH, FLORIDA ("CITY"), a governmental

entity, and ALEXIS BARRIOS ("BARRIOS"), individually,[1] and allege as follows:

_____

[1] A number of other City of Hialeah Officers participated in the wrongful course of conduct giving rise to the claims in this complaint, including certain supervisors, Plaintiffs reserve the right to add all those individuals as additional defendants upon learning their

-1-

CONSUELO ALFONSO, Trustee of Estate and mother of ANTHONY ARIAS
*vs.*
*City of Hialeah , et al.*
*Complaint*

## JURISDICTION

1.    This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars.

## NATURE OF THIS ACTION

2.    This is an action for:

   a.    Wrongful Death as provided by §768.16 Fla. Stat. against CITY, BARRIOS, individually (Count I);

   b.    Excessive use of Force excessive use of force, and other claims under Title 42, United States Code §1983 for civil rights violations against CITY, BARRIOS (Count II);

   c.    Aggravated Battery against CITY, BARRIOS (Count III);

   d.    Negligence against CITY, BARRIOS (Count IV);

   e.    Loss of Consortium against CITY, BARRIOS (Count V);

   f.    Intentional Infliction of Emotional Distress CITY, BARRIOS (Count VI)

## PARTIES

3.    ALFONSO is a citizen of the United States, a resident of Miami-Dade County, Florida, and sui juris.

4.    CITY is a governmental entity in Miami-Dade County, Florida, existing pursuant to the laws of the State of Florida.

5.    CITY, for the protection of its citizens and the enforcement of its laws and the laws of the State of Florida, operates a Police Department.

6.    CITY employed BARRIOS, and as Police officers.

identities.                                                    -2-

CONSUELO ALFONSO, Trustee of Estate and mother of ANTHONY ARIAS
*vs.*
*City of Hialeah , et al.*
*Complaint*

7. BARRIOS is a resident of Miami-Dade County, Florida, and sui juris.

8. On August 19, 2009, BARRIOS was employed by CITY as a Police officer, purporting to act within the course and scope of his employment and under color of law.

9. At the relevant time, BARRIOS participated in a course of conduct which he knew, or reasonably should have known, was intended to and did result in abridgment and deprivation of ARIAS' rights and privileges under State and Federal law.

## GENERAL ALLEGATIONS

10. On or about August 19, 2009, BARRIOS was employed by CITY as a police officer.

11. On the evening of August 19, 2009, BARRIOS, while in the course and scope of his duties, arrived at or about Palm Avenue and East 5th Street, Hialeah, Florida where Mr. Arias was allegedly committing a burglary of a Boost Mobile Cell Phone store.

12. After coming in contact with Anthony Arias, Officer Alexis Barrios fired his firearm upon Anthony Arias.

13. Anthony Arias was not armed with any weapon whatsoever.

14. BARRIOS' life was not threatened nor was he in any peril.

15. BARRIOS, and others then acting in concert, have delayed the investigation in an effort to conceal the improper conduct and illegal conduct of BARRIOS, and unprovoked and unjustifiable use of force and wrongful death by BARRIOS.

16. At no time did BARRIOS have any to shoot Anthony Arias.

17. At all material times, the conduct of BARRIOS, and others, including supervisors,

-3-

CONSUELO ALFONSO, Trustee of Estate and mother of ANTHONY ARIAS
*vs.*
*City of Hialeah , et al.*
*Complaint*

exceeded all permissible bounds of reasonable police action, was excessive, and in

violation of the right of Anthony Arias' under State and Federal law to be free from

excessive use of force.

18. BARRIOS, acting in concert with others, including supervisors, undertook a course of
conduct to delay and impede the investigation, in an effort to protect BARRIOS and
CITY.

19. BARRIOS, and others, including supervisors on the scene, knew or should have known,
that:

a. BARRIOS had acted wrongfully, if not illegally;

b. there was no justification to shoot or use any force against Anthony Arias, and

c. their failure to complete accurate reports and complete the investigation of the
shooting was a violation of Anthony Arias' rights.

20. At all material times, any reasonably competent police officer, more so the supervisors on
the scene, having a reasonable degree of training and expertise should have known that
there was no constitutional or legally justifiable basis to shoot or use excessive force on
Anthony Arias.

21. At all material times, any reasonably competent supervisory police officer, such as those
on the scene on the relevant date, having a reasonable degree of training and expertise
should have known that there was no constitutional or legally justifiable basis to shoot or
use excessive force on Anthony Arias, and that as supervisors they had a duty to protect

-4-

CONSUELO ALFONSO, Trustee of Estate and mother of ANTHONY ARIAS
*vs.*
*City of Hialeah , et al.*
*Complaint*

Anthony Arias' rights, protect him (Anthony Arias) from suffering any harm or injury as a result of the conduct of their subordinates.

22.   At all material times, any reasonably competent supervisory police officer, such as those on the scene on the relevant date, having a reasonable degree of training and expertise should have known that as supervisors they had a duty to protect Anthony Arias' rights, preventing subordinate officers, under their supervision, from engaging in a course of conduct that they knew or should have known, violated the rights of Anthony Arias and to protect Anthony Arias from suffering any harm or injury as a result of the unconstitutional conduct of their subordinates, including illegal and unconstitutional arrest.

23.   As a direct and proximate result of the acts and omissions of Defendants, BARRIOS and CITY, and others, Plaintiffs, ESTATE and ALFONSO incurred medical expenses, and ALFONSO has in the past and, will in the future be deprived of the companionship, comfort, and society of her son, Anthony Arias.

24.   All conditions precedent to bring this action have been satisfied, have accrued or have been waived. Specifically, ESTATE and ALFONSO have complied with the requirements of 768.28, Fla. Stat., (waiver of sovereign immunity), by timely serving a Notice of Claim on CITY and the Florida Department of Financial Services.

## COUNT I
## WRONGFUL DEATH AGAINST BARRIOS AND CITY

-5-

CONSUELO ALFONSO, Trustee of Estate and mother of ANTHONY ARIAS
*vs.*
*City of Hialeah , et al.*
*Complaint*

25.  Plaintiffs, ESTATE and ALFONSO, re-allege paragraphs 1 through 24.

26.  On August 19, 2009, BARRIOS, without any legal or justifiable basis to do so, shot and killed Anthony Arias, by shooting him with his service firearm and causing him to die as a result of the sustained injuries.

27.  BARRIOS intended to cause, and did cause, an offensive physical contact with J.CASAS, without any right, justification, or pretense of right to do so.

28.  BARRIOS, due to wrongful act and/or negligence resulted in the death of Anthony Arias.

29.  As a direct and proximate result, Anthony Arias suffered physical injuries, in addition to suffering fear, mental anguish and pain, and has been unable to carry out his responsibilities.

30.  As a direct and proximate result of the conduct of CITY and BARRIOS, ARIAS, ESTATE and ALFONSO sustained damages, and has in the past, and will in the future, suffer the following damages:

    (1)  Personal injury;

    (2)  Medical expenses;

    (3)  Funeral expenses;

    (4)  Emotional distress, pain, and suffering;

    (5)  Loss of capacity to enjoy life; and

    (6)  Loss of earning capacity and probable net accumulations.

WHEREFORE, Plaintiffs, ESTATE and ALFONSO, demand judgment against CITY,

-6-

CONSUELO ALFONSO, Trustee of Estate and mother of ANTHONY ARIAS
*vs.*
*City of Hialeah , et al.*
*Complaint*

BARRIOS and others for compensatory damages as permitted by the Florida Wrongful Death

Act, costs of this action, and any other relief this Court deems just and proper, and **DEMANDS**

**TRIAL BY JURY** on all issues so triable.

**COUNT II**
**EXCESSIVE USE OF FORCE AGAINST CITY AND BARRIOS**

31.     Plaintiffs, ALONSO and ESTATE, re-allege paragraphs 1 through 24.

32.     BARRIOS, and others were acting within the course and scope of their employment with

CITY, when they used unnecessary force, and forcibly, and without probable cause or

legal justification to do so, shot and killed Anthony Arias.

33.     At all material times, BARRIOS, and others, while acting in the course and scope of their

employment, wrongfully, unlawfully, and without any justification caused the death of

Anthony Arias.

34.     At all material times, the actions of BARRIOS, and others, were within the course and

scope of their employment as police officers and in furtherance of the interests of the

CITY.

35.     The death of Anthony Arias was without provocation or justification.

36.     As a direct and proximate result, ALFONSO and ESTATE suffered:

      a.     emotional distress, pain, and suffering;

      b.     public humiliation and embarrassment;

      c.     damage to her son's good name and reputation;

-7-

CONSUELO ALFONSO, Trustee of Estate and mother of ANTHONY ARIAS
*vs.*
*City of Hialeah , et al.*
*Complaint*

    d.    loss of personal liberty, and

    e.    sustained other general damages, including attorneys fees and legal

          expenses associated with his arrest.

    WHEREFORE, Plaintiffs, ALFONSO and ESTATE, demand judgment against the

Defendants, BARIOS, CITY and others for compensatory damages, costs of this action, and such

other relief as this Court deems just and equitable, and **DEMANDS TRIAL BY JURY** on all

issues so triable.

## COUNT III
## AGGRAVATED BATTERYAGAINST BARRIOS, INDIVIDUALLY

37.    Plaintiffs, ALFONSO and ESTATE, re-allege paragraphs 1 through 24.

38.    This count is in the alternative as permitted under Fla.R.Civ.P. 1.110 and within the

        purview of *McGhee v. Volusia CITY,* 679 So. 2d 729 (Fla. 1996).

39.    BARRIOS and others were acting within the course and scope of their employment with

        CITY, when they used unnecessary force and forcibly and without probable cause or

        legal justification caused the death of Anthony Arias.

40.    At all material times, BARRIOS, and others acted in concert, in the unjustifiable death of

        Anthony Arias.

41.    At all material times, BARIOS, and others, wrongfully, unlawfully, and without any

        justification caused the death of Anthony Arias. J.

42.    The death of Anthony Arias was malicious and intentional on the part of BARRIOS, ,

-8-

CONSUELO ALFONSO, Trustee of Estate and mother of ANTHONY ARIAS
*vs.*
*City of Hialeah , et al.*
*Complaint*

and others and without provecation.

43.   As a direct and proximate result, ALFONSO and ESTATE suffered:

   a.   emotional distress, pain, and suffering;

   b.   public humiliation and embarrassment;

   c.   damage to his good name and reputation;

   d.   loss of personal liberty, and

   e.   sustained other general damages, including attorneys fees and legal
        expenses associated with his arrest.

   WHEREFORE, Plaintiffs, ALFONSO and ESTATE, demand judgment against the

Defendants, BARRIOS, CITY and others, individually, for compensatory damages, costs of this

action, and such other relief as this Court deems just and equitable, and **DEMANDS TRIAL BY**

**JURY** on all issues so triable.

## COUNT IV
## NEGLIGENCE AGAINST CITY

44.   Plaintiffs, ESTATE and ALFONSO, re-allege paragraphs 1 through 24.

45.   At all material times, CITY was under a duty to properly train and supervise its officers,
      including BARRIOS, and others, which duty included one or more of the following:

   a.   having an established and clearly defined policy precluding false reports and false
        use of force reports, and enforcing adherence to such policy by taking proper
        disciplinary action against those officers writing false reports;

-9-

CONSUELO ALFONSO, Trustee of Estate and mother of ANTHONY ARIAS
*vs.*
*City of Hialeah , et al.*
*Complaint*

b.   having an established and clearly defined policy precluding unjustifiable or wrongful discharge of a firearm and enforcing adherence to such policy by taking proper disciplinary action against those officers who commit unjustifiable shootings;

c.   having an established and clearly defined policy requiring officers to report improper conduct by fellow officers, and enforcing adherence to such policy by taking proper disciplinary action against those officers who fail to report improper conduct by fellow officers or aid fellow officers in concealing improper conduct.

46.   At all material times, CITY owed Plaintiffs a duty to adequately and properly train and supervise its officers, including BARRIOS, and others as alleged in the preceding paragraph.

47.   At all material times, CITY breached its duty by failing to adequately train and supervise BARRIOS, and others, in one or more of the following respects:

a.   failing to have an established and clearly defined policy precluding false reports and false use of force reports, and enforcing adherence to such policy by taking proper disciplinary action against those officers who write false reports;

b.   failing to have an established and clearly defined policy precluding unjustifiable or wrongful discharge of a firearm and enforcing adherence to such policy by taking proper disciplinary action against those officers who commit unjustifiable shootings;

-10-

CONSUELO ALFONSO, Trustee of Estate and mother of ANTHONY ARIAS
*vs.*
*City of Hialeah , et al.*
*Complaint*

c.  failing to have an established and clearly defined policy requiring officers to
report improper conduct by fellow officers, and enforcing adherence to such
policy by taking proper disciplinary action against those officers who fail to report
improper conduct by fellow officers or aid fellow officers in concealing improper
conduct.

48.  At all material times, CITY knew or should have known that its officers, including
BARRIOS, were using excessive or unnecessary force, due in part to inadequate training,
supervision and lack of proper disciplinary policy and procedure, all of which fostered an
organizational culture of disregard for the rights of citizens. The latter is particularly true
as it pertains to officers covering for each others improper conduct, failure to report
misconduct by fellow officers, and writing false and misleading reports.

49.  The acts, omissions, and complacency of CITY fostered an organizational culture in
which false and misleading reports, excessive use of force, and fellow officers failure to
report improper conduct by fellow officers are common and go undisciplined.

50.  At all material times, CITY knew or should have known that its officers, including
BARRIOS, and others, as a result of the organizational culture fostered by the lack of
proper training, supervision, and disciplinary process had or employed questionable
practices, particularly in the authorship of misleading reports, which contained material
omissions, concealed, suppressed, omitted, and mis-characterized material evidence and
statements of which they had knowledge, often times to justify excessive use of force or

-11-

CONSUELO ALFONSO, Trustee of Estate and mother of ANTHONY ARIAS
*vs.*
*City of Hialeah , et al.*
*Complaint*

an illegal arrest.

51. At all material times, CITY knew or should have known that its supervisory personnel, as a result of the organizational culture fostered by the lack of proper disciplinary process, employed questionable practices, particularly in the authorship of misleading reports, which contained material omissions, concealed, suppressed, omitted, and mis-characterized material evidence and statements of which they had knowledge, often times to justify excessive use of force or an illegal arrest.

52. At all material times, CITY had a duty to properly address the questionable practices by its officers, particularly as to BARRIOS, and others, particularly as to supervisory personnel, by implementing and enforcing a proper policy or practice of supervision and discipline of its officers, but failed to do so, as evidenced by the failure to take any proper disciplinary action against BARRIOS, and others.

53. As a direct and proximate cause of negligence of CITY, Plaintiffs suffered personal injury, emotional distress, pain, and suffering, public humiliation and embarrassment, damage to there good name and reputation, loss of personal liberty, and sustained other general damages.

WHEREFORE, Plaintiffs, ESTATE and ALFONSO, demand judgment against CITY, BARRIOS, and others for compensatory damages, costs of this action, and such other relief as this Court deems just and equitable, and **DEMANDS TRIAL BY JURY** on all issues so triable.

-12-

CONSUELO ALFONSO, Trustee of Estate and mother of ANTHONY ARIAS

*vs.*

*City of Hialeah , et al.*

*Complaint*

## COUNT V
## LOSS OF CONSORTIUM

54.     Plaintiff, ALFONSO, re-alleges paragraphs 1 through 24.

55.     As a direct and proximate result of the acts and omissions of Defendants, CITY and

BARRIOS, ALFONSO has in the past and, will in the future be deprived of the

companionship, comfort, and society of her son.

WHEREFORE, the Plaintiff, ALFONSO, demands judgment against Defendants, CITY,

BARRIOS, and others for compensatory damages, costs of this action, and such other relief as

this Court deems just and equitable, and **DEMANDS TRIAL BY JURY** on all issues so triable.

Dated this 17 day of August, 2011.

**EDWARD A. MARTINEZ, ESQ.**
**Florida Bar No.: 618195**
**The Martinez Law Group, P.A.**
**301 Almeria Avenue**
**Suite 260**
**Miami, Florida 33134**
**Tel.: (305) 456-9377 / Fax: (305) 397-0900**

-13-

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 11-26334 CA 22

CONSUELO ALFONSO, as Personal
Representative of the Estate of ANTHONY
ARIAS, and individually as the Natural Parent
and Survivor of ANTHONY ARIAS,

      Plaintiffs,

vs.

CITY OF HIALEAH, FLORIDA, a
governmental entity, and ALEXIS BARRIOS,
individually, JOHN DOE, unknown others,
including supervisors,

      Defendants.

_____/

THE ORIGINAL FILED
IN THE OFFICE OF THE CLERK
LOC # 21 _____
CIRCUIT & COUNTY COURTS
DADE COUNTY, FLORIDA
ON   8/24/11

## NOTICE OF 768.28 (7) TIME PERIOD
## NOTICE OF APPEARANCE

      Defendant, **CITY OF HIALEAH**, puts all parties on notice of the provisions of
section 768.28 (7), Florida Statutes, and Rule 1.140 (a)(1)(B), Florida Rules of Civil
Procedure, which provide that it shall have thirty (30) days from the date of service upon
an agency head within which to plead.  The undersigned gives notice of appearance on
behalf of the Defendant, **CITY OF HIALEAH**, in this cause.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the above and foregoing has
been furnished by mail this **26th** day of **August, 2011** to: **EDWARD A. MARTINEZ,
ESQUIRE,** The Martinez Law Group, P.A., 301 Almeria Avenue, Suite 260, Miami,
Florida 33134.

                    William M. Grodnick, City Attorney
                    City of Hialeah
                    501 Palm Avenue – Fourth Floor
                    Hialeah, Florida  33010
                    Telephone:  (305) 883-5853
                    Fax:        (305) 883-5896

By:

                    Alan E. Krueger, Assistant City Attorney
                    Fla. Bar No.  151680

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 11-26334 CA 22

CONSUELO ALFONSO, Personal Representative of the Estate of ANTHONY ARIAS, and Individually as the Natural Parent and Survivor of ANTHONY ARIAS,

        Plaintiffs,

v.

CITY OF HIALEAH, FLORIDA, a governmental entity and ALEXIS BARRIOS, individually, JOHN DOE, unknown others, including Supervisors,

        Defendants.

_____ /

## DEFENDANT, ALEXIS BARRIOS', MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

The Defendant, ALEIXIS BARRIOS, by and through his undersigned counsel, pursuant to Florida Rule of Civil Procedure 1.090, hereby files his Motion for Enlargement of Time to Respond to Plaintiffs, CONSUELO ALFONSO, Personal Representative of the Estate of ANTHONY ARIAS, and Individually as the Natural Parent and Survivor of ANTHONY ARIAS' (hereinafter, "Plaintiff") Complaint and states in support thereof as follows:

1.      Plaintiffs served their Complaint on BARRIOS on or about August 25, 2011.

2.      The undersigned counsel was retained to represent BARRIOS shortly thereafter. Additionally, undersigned counsel was out of the country from August 26, 2011 through September 6, 2011. In addition, the undersigned counsel has not yet had an opportunity to meet with and discuss the allegations in Plaintiff's Complaint with Defendant Alexis Barrios.

3.      In light of the allegations contained within Plaintiff's Complaint, additional time is

necessary to meet with the undersigned's client and to gather the needed documents and information necessary to accurately respond to Plaintiff's Complaint in this case, and to remit same to the undersigned.

4.     This Motion is brought in good faith and not for the purpose of delay or to gain tactical advantage.

WHEREFORE, the Defendant, ALEXIS BARRIOS, respectfully requests an Order providing an enlargement of time in which to respond to Plaintiffs, CONSUELO ALFONSO, Personal Representative of the Estate of ANTHONY ARIAS, and Individually as the Natural Parent and Survivor of ANTHONY ARIAS, Complaint and for any further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

We hereby certify a true and correct copy of the foregoing was mailed this 15th day of September, 2011 to: Edward A. Martinez, Esq., The Martinez Law Group, P.A., 301 Almeria Avenue, Suite 260, Miami, FL 33134.

GAEBE MULLEN ANTONELLI & DIMATTEO
Attorneys for Defendant, Alexis Barrios
420 S. Dixie Highway, 3rd Floor
Coral Gables, FL 33146
Tel: (305) 667-0223
Fax: (305) 284-9844
Email: ddesai@gaebemullen.com

By: _____
        DEVANG DESAI, ESQ.
        Fla. Bar No.: 664421