UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:11-cv-23415-UU

CONSUELO ALFONSO,

    Plaintiff,

vs.

CITY OF HIALEAH, FLORIDA,
*et al.*

    Defendants.
_____/

## ORDER ON VOLUNTARY DISMISSAL WITH PREJUDICE

THIS CAUSE is before the Court upon the following Motions: Plaintiff's Motion for Voluntary Dismissal of Plaintiff's Amended Complaint with Prejudice, D.E. 94, filed September 7, 2012; Defendants' Joint Motion to Continue Cause From Trial Docket, D.E. 95, filed September 13, 2012; and Defendants' Joint Response to Plaintiff's Motion for Voluntary Dismissal, D.E. 96, filed September 20, 2012.

THE COURT has reviewed the record and is otherwise fully advised in the premises. Plaintiff's Motion for Voluntary Dismissal necessitates a court order in order to have effect, because Defendants had already filed Answers and Motions for Summary Judgment. Had Defendant's Joint Motion been filed by Plaintiffs and signed by all parties, it would have been a self-executing dismissal of this action without need for further order by the Court. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

The most recent filing, Defendants' Joint Response to Plaintiff's Motion, asks the Court to grant Plaintiff's motion on terms that the Court considers proper. *See* Fed. R. Civ. P. 42(a)(2). Defendants move that the Court add a "caveat" to its dismissal with prejudice for any

applications made under statutes or rules of procedure for costs, expenses, and sanctions. Defendant doubtlessly relies on the settled principle that a plaintiff will not be allowed to dismiss a suit *without* prejudice after Defendant has been put to considerable expense. *See McCants v. Ford Motor Co.*, 781 F.2d 855, 860 (11th Cir. 1986). But that rule is not applicable in a dismissal *with* prejudice, in which the Defendant has been freed from the risk of relitigation. *See Colombito v. Kelly*, 764 F.2d 122, 134 (2d Cir. 1985). Courts have found that exceptional circumstances must exist before such a condition is placed on a dismissal with prejudice. *See, e.g.*, *Murdock v. Prudential Ins. Co. of Am.*, 154 F.R.D. 271, 273 (M.D. Fla. 1994) (stating that exceptional circumstances would exist if the litigation were false, unjust, vexatious, wanton, oppressive, or brought with fraudulent intent). The Court is mindful of the costs incurred by Defendants in this protracted action, but does not find that the litigation brought by Plaintiff on behalf of the Estate of Anthony Arias to was brought wantonly, with fraudulent intent, or under any other exceptional circumstances prompting the Court to venture from settled jurisprudence and place conditions on its dismissal.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Voluntary Dismissal of Plaintiff's Amended Complaint with Prejudice, D.E. 94, is GRANTED. This case is DISMISSED WITH PREJUDICE.

ORDERED AND ADJUDGED that all other pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

ORDERED AND ADJUDGED that for administrative purposes this case is hereby CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of September, 2012.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record